IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DEIDRE AGAN,<br><br>            Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>            Defendant. | CV 19-83-SPW-TJC<br><br>**ORDER** |

Plaintiff Deidre Agan moves for the admission of Nelson G. Wolff (Doc. 8) and Celia K. Douglas (Doc. 9) to practice before this Court with Russell D. Yerger as local counsel in the above-named matter. Defendant BNSF Railway Co. opposed Plaintiff's motion for Mr. Wolff and Ms. Douglas's admission. (Doc. 13.) Plaintiff replied on October 23, 2019. (Doc. 15.) This matter is fully briefed and for the following reasons Plaintiff's motions are GRANTED.

Both Mr. Wolff and Ms. Douglas' applications appear to be in order and in conformance with Local Rule 83.1(d). Defendant has not shown otherwise, but instead taken Plaintiff's motion to admit Mr. Wolff and Ms. Douglas as an opportunity to air discovery disputes with Plaintiff's counsel deriving from a state case currently before Judge Knisely in the 13th Judicial District Court (*Weber v. BNSF Railway Co.*, DV 17-1668). It appears from briefing that both parties have pending discovery-related motions against the other in *Weber*. (Docs. 13 at 2; 15

at 1.) As argued by Plaintiff in her Reply, this Court is not the proper forum to litigate discovery issues arising in a state court action. (*See* Doc. 15 at 8.) Further, Defendant has only advanced allegations against Plaintiff's proposed *pro hac vice* counselors, which are insufficient to deny admission.

Local Rule 83.1(d) explicitly lays out the requirements for *pro hac vice* appearance. Apropos to the instant issue, L.R. 83.1(d)(3)(E)-(G) require applicants to be in good standing and not currently suspended, as well as to report any past contempt, disciplinary actions, or sanctions against them. Currently, neither Mr. Wolff nor Ms. Douglas have reported any such past experiences and Defendant has not shown otherwise. If there is a material change, given the pending motions in *Weber*, Defendant may request that the Court reconsider Mr. Wolff and Ms. Douglas's admissitons.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to admit Nelson G. Wolff and Celia K. Douglas *pro hac vice* is GRANTED on the condition that Mr. Wolff and Ms. Douglas shall do their own work and their own writing; shall sign their own pleadings, motions, and briefs; and shall appear and participate personally. Counselors shall take steps to register in the Court's electronic filing system ("CM-ECF"). Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.

//

IT IS FURTHER ORDERED that this Order is subject to withdrawal unless Mr. Wolff and Ms. Douglas, within fifteen (15) days of the date of this Order, files a pleading acknowledging his admission under the terms set forth above.

DATED this 23rd day of October 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge