Russell D. Yerger
YERGER LAW FIRM, P.C.
2722 Third Avenue North, Suite 400
Billings, MT 59101
(406) 256-1500
(406) 256-1511 (fax)

Nelson G. Wolff (pro hac)
Celia K. Douglas (pro hac)
SCHLICHTER BOGARD & DENTON
100 S. 4th Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
314-621-4027(fax)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | | |
|---|---|---|
| DEIDRE AGAN, | ) | |
|       Plaintiff, | ) | Case No. 1:19-cv-00083-SPW-TJC |
| | ) | |
| vs. | ) | |
| | ) | |
| BNSF RAILWAY CO., | ) | |
|       Defendant. | ) | |

**PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT**

COMES NOW Plaintiff Deidre Agan, by and through her undersigned counsel, and in accordance with this Court's Order Setting Preliminary Pretrial Conference and Associated Deadlines and Local Rule 16.2(b)(1), files the following Preliminary Pretrial Statement:

**1.      Brief Factual Outline of the Case**

On August 22, 2016, Agan was working as a railway conductor for Defendant

when her train struck a 6 ton cottonwood tree that had fallen across the tracks.  Prior to falling, the subject tree was rooted in Defendant's property.  Defendant had been warned that this tree presented a safety hazard months earlier, yet failed to remove it.  Other hazardous trees in the immediate vicinity of the subject tree had previously fallen and one tree was removed by Defendant several months after it was reported as a hazard but before it fell.

As a result of the collision, Agan sustained an injury to her neck and right shoulder.  She underwent shoulder surgery on November 22, 2016.  She did not work for Defendant from the date of the injury until February 2019, at which time she returned to work as a conductor with Defendant.

### 2.      The Basis for Federal Jurisdiction and Venue in the Division

Federal jurisdiction is proper because this action arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*  Venue is proper in this division because Agan was injured while working as Defendant's employee within the boundaries of this federal district court and division.

### 3.      The Factual Basis of Each Claim or Defense Advanced by the Party

Defendant did not take appropriate action with respect to the subject tree despite the fact that it had been reported as a hazard by another BNSF employee several months earlier.  In March of 2016, BNSF employee Don Purdon reported the subject tree as a hazard by placing a call to BNSF's safety hotline.  Purdon

specifically advised that the tree was leaning towards the tracks, that the base was burned out, and that it was rooted in or immediately adjacent to a drainage ditch. He stated that the tree appeared as if it could fall across the tracks at any time. At the time he made this report, Purdon was a conductor working in the Forsyth Division and was a member of BNSF's safety committee. Following receipt of Purdon's report, BNSF contacted him to let him know that the subject tree would be removed. BNSF did not remove the tree, however. There is no written record establishing why the subject tree was not removed prior to the incident date.

Moreover, BNSF was aware that other hazardous trees had previously existed in the immediate vicinity of the subject tree. In 2006, for example, a BNSF employee reported another hazardous tree in the immediate vicinity of the subject tree. The employee reported the tree via a Safety Issue Resolution Process ("SIRP") and advised that the tree was burned out and looked as if it was ready to fall over. BNSF did not remove the tree until three months later. Likewise, in 2008, a BNSF employee reported other hazardous trees in the vicinity of the subject tree via a SIRP. The employee described the trees as large, burned out, and likely to fall across the tracks. BNSF took no action on this SIRP and one tree eventually fell across the tracks approximately three months later.

Federal safety regulation 49 CFR § 213.37 requires that railroads control vegetation on their property so that it does not interfere with railroad employees

performing normal trackside duties, which includes employees who are riding equipment on the railroad tracks. BNSF's trackside vegetation plan does not specify when, or under what conditions, a tree growing near the tracks should be removed. BNSF's track inspection reports preceding the incident did not note any inspection of the subject tree to determine whether it presented a risk of falling on the tracks. BNSF did not train its track inspectors how to identify trees that are at an increased risk of falling. After the subject incident, BNSF cleared a large number of trees that were growing in the vicinity of the subject tree.

The locomotive in which Plaintiff was riding at the time of the collision incident was not equipped with safety restraints, nor was the cab padded, to eliminate, avoid, or reduce injuries to crew members in the event of a collision or derailment. Similarly, BNSF did not appropriately train members of its transportation department how to respond in the event of an imminent collision in order to eliminate, avoid, or reduce injuries.

Based on the aforementioned and other facts, Plaintiff contends that her injuries were caused, in whole or in part, by one or more of the following negligent acts or omissions of Defendant, its agents, servants, and employees, singularly or in combination:

A.    Defendant failed to provide reasonably safe conditions for work;

B.    Defendant failed to provide reasonably safe methods for work;

C.      Defendant failed to provide reasonably safe equipment;

D.      Defendant failed to provide adequate assistance;

E.      Defendant failed to equip its locomotive seats with seatbelts and provide cushioning within the locomotive cab;

F.      Defendant failed to provide adequate instruction and/or training for crew members to minimize the risk and magnitude of injury in the event of an imminent collision; and

G.      Defendant violated 49 C.F.R. § 213.37 by failing to control vegetation alongside the tracks at or near the milepost where the collision occurred.

## 4.      The Legal Theory Underlying Each Claim or Defense

The FELA imposes a non-delegable duty upon Defendant to provide its employees with a reasonably safe work environment at all times.  Plaintiff contends that Defendant's conduct, as detailed in Section 3 above, violated this non-delegable duty and caused or contributed to cause her injuries.

Moreover, Plaintiff contends that Defendant violated 49 C.F.R. § 213.37 by failing to control vegetation along its tracks in the area where the collision occurred. Specifically, this provision provides that "[v]egetation on railroad property which is on or immediately adjacent to roadbed shall be controlled so that it does not…(c) [i]nterfere with railroad employees performing normal trackside duties."  Here, Defendant violated 49 C.F.R. § 213.37 by failing to control the subject tree, which

necessarily interfered with Plaintiff's duty to transport Defendant's train along the tracks. *See Central Georgia R.R. Co. v. Lightsey*, 400 S.E.2d 652, 656 (Ga. App. 1990) ("Giving the term 'trackside duties' its local meaning…it extends to duties performed on, as well as on the side of, the tracks.")  The violation of a railroad safety statute or regulation like the one at issue here is negligence *per se* under the FELA, for which the railroad is strictly liable.  *Urie v. Thompson*, 337 U.S. 163, 188-89 (1949).  A plaintiff may succeed on such a claim by merely establishing that the railroad violated a railroad safety statute or regulation and that this violation caused or contributed to cause his injuries; violation of the statute or regulation establishes the elements of duty, breach, and foreseeability.  *See, e.g., Carter v. Atlanta & St. Anders Bay Ry. Co.*, 338 U.S. 430, 434 (1949) ("Once the violation is established, only causal relation is in issue."); *Moody v. Boston and Maine Corp.*, 921 F.2d 1, 4 (1st Cir. 1990) (in an FELA action, "the elements of foreseeability, duty and breach are satisfied by a showing that" defendant violated a federal safety statute or regulation).

### 5.    A Computation of Damages

Plaintiff will seek all damages to which she is entitled at trial.  At this time, Plaintiff's damages include, but are not necessarily limited to, the following:

A.    Lost earnings, benefits, and earnings capacity, the exact amounts of which are undetermined at this time.

B.      Medical expenses, the total amounts of which are undetermined at this time.

C.      Past and future pain and suffering, disability, disfigurement, and emotional distress, the total amounts of which are unknown at this time. Plaintiff will seek a fair and reasonable amount as determined by the jury.

D.      Lost Household Services due to injuries and disability in the past and in the future, the total amounts of which are unknown at this time.

**6.      The Pendency or Disposition of any Related State or Federal Litigation**

Scott Weber, the engineer with whom Plaintiff was working at the time of the incident, has filed suit against BNSF in Montana District Court (Yellowstone County) as a result of injuries he sustained in the collision incident. The *Weber* matter bears Cause No. DV-17-1668 and is scheduled for a two week trial commencing January 21, 2020. The district court in *Weber* recently denied Defendant's Motion for Summary Judgment and Defendant's Motion to Revoke Plaintiff's Counsel's Pro Hac Vice Admission, finding the allegations lodged against counsel in connection with the latter motion lacked any merit.

**7.      Proposed Additional Stipulations of Fact and What Law Applies**

In addition to the facts contained in the parties' Statement of Stipulated Facts, Plaintiff proposes the following additional facts:

A.     The large cottonwood tree which Plaintiff's train struck on August 22, 2016 was rooted in Defendant's property.

B.     In March of 2016, BNSF employee Don Purdon reported the subject tree as a hazard by placing a call to BNSF's safety hotline.  Purdon specifically advised that the tree was leaning towards the tracks, that the base was burned out, and that it was rooted in or immediately adjacent to a drainage ditch.  He stated that the tree appeared as if it could fall across the tracks at any time.  At the time he made this report, Purdon was a conductor working in the Forsyth Division and was a member of BNSF's safety committee.

C.     Following receipt of Purdon's report, BNSF contacted him to let him know that the subject tree would be removed.  BNSF did not remove the tree, however.

D.     There is no written record establishing why the subject tree was not removed prior to the incident date.

E.     In 2006, a BNSF employee reported another hazardous tree in the immediate vicinity of the subject tree.  The employee reported the tree via a Safety Issue Resolution Process ("SIRP") and advised that the tree was burned out and looked as if it was ready to fall over.  BNSF did not remove the tree until three months later.

F.     In 2008, a BNSF employee reported other hazardous trees in the

vicinity of the subject tree via a SIRP.  The employee described the trees as large, burned out, and likely to fall across the tracks.  BNSF took no action on this SIRP and one tree eventually fell across the tracks approximately three months later.

G.     Federal safety regulation 49 CFR 213.37 requires that railroads control vegetation on their property so that it does not interfere with railroad employees performing normal trackside duties which includes employees who are riding equipment on the railroad tracks.

H.     BNSF's trackside vegetation plan does not specify when, or under what conditions, a tree growing near the tracks should be removed.

I.     BNSF's track inspection reports preceding the incident did not note any inspection of the subject tree to determine whether it presented a risk of falling on the tracks.

J.     BNSF did not train its track inspectors how to identify trees that are at an increased risk of falling.

K.     After the subject incident, BNSF cleared a large number of trees that were growing in the vicinity of the subject tree.

L.     Agan did not receive any medical evaluations for her right shoulder problems in the 21 months before this incident.

M.     Agan had never been scheduled for right shoulder surgery before this

incident.

N.      As a result in whole or in part of the incident, Agan's right shoulder was injured.

O.      Agan received a right shoulder steroid injection in October 2016 and underwent right shoulder surgery in November 2016.

P.      Following the traumatic incident, Agan was kept off work by her doctors.  She returned to work for BNSF on approximately February 10, 2019. She is currently working for BNSF as a conductor.

Federal law and, in particular, applicable FELA jurisprudence, applies to this case.

**8.      Deadlines for Joinder of Parties or Amendment of Pleadings**

In accordance with the Joint Proposed Discovery Plan submitted concurrently herewith, the parties have proposed a deadline of January 31, 2020 by which to join parties or amend pleadings.

**9.      Identification  of Controlling Issues of Law Suitable for Pretrial Disposition**

Plaintiff believes the applicability of 49 C.F.R. § 213.37 is a controlling issue of law suitable for pretrial disposition.  Plaintiff anticipates that Defendant will argue that this regulation is inapplicable because Plaintiff was performing duties on the tracks (i.e., transporting a train) as opposed to duties alongside the tracks.  This

contention finds no support in the case law and, in fact, runs contrary to the holdings of other courts on this very issue.  *See Central Georgia R.R. Co. v. Lightsey*, 400 S.E.2d 652, 656 (Ga. App. 1990) ("Giving the term 'trackside duties' its local meaning…it extends to duties performed on, as well as on the side of, the tracks.")

**10.    Individuals Known or Believed to Have Relevant Information**

At this time, Plaintiff has identified the following individuals who may have relevant knowledge:

A.    Deidre Agan, Plaintiff, P.O. Box 947, Forsyth, MT 59327.  Plaintiff has information regarding her work related injuries, exposure to unsafe working conditions and job duties, and Defendant's negligent failure to provide her with reasonably safe working conditions and/or adequate assistance.  Plaintiff also has information regarding liability, causation, and/or damages.

B.    Adam Landavazo, BNSF Claims Representative (Billings, MT).  Mr. Landavazo may have information regarding Plaintiff's on-duty incident, exposure to unsafe working conditions and job duties, and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may specifically have knowledge regarding Defendant's investigation of the incident and/or other similar incidents causing injuries to railroad workers.  He may also have information regarding liability, causation, and/or damages.

C.     Scott Weber, BNSF employee (Forsyth, MT).  Mr. Weber was working with Plaintiff at the time of the incident.  Mr. Weber may have information regarding Plaintiff's on-duty incident, exposure to unsafe working conditions and job duties, and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability, causation, and/or damages.

D.     Alex Anderson, BNSF employee.  Mr. Anderson may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

E.     Cory Barta, BNSF employee (Forsyth, MT).  Mr. Barta may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or

other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

F.      James Carsner (Miles City, MT), BNSF employee.  Mr. Carsner may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

G.      Chris Dupree, BNSF employee (Laurel, MT). Mr. Dupree may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

H.      Dan Fransen, BNSF employee.  Mr. Fransen may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge

13

regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree. He may also have information regarding liability and/or causation.

I.      Clint Hanzlik, BNSF employee. Mr. Hanzlik may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance. He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree. He may also have information regarding liability and/or causation.

J.      John Klamm, BNSF employee (Miles City, MT). Mr. Klamm may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance. He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree. He may also have information regarding liability and/or causation.

K.      Raymond Lincoln, former BNSF employee (Forsyth, MT). Mr. Lincoln may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide

14

Plaintiff with reasonably safe working conditions and/or adequate assistance. He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree. He may also have information regarding liability and/or causation.

L.     Denny Mansfield, BNSF employee (Billings, MT). Mr. Mansfield may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance. He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree. He may also have information regarding liability and/or causation.

M.     Ryan Mason, BNSF employee (Billings, MT). Mr. Mason may have information regarding Plaintiff's on-duty incident, exposure to unsafe working conditions and job duties, and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance. He may have knowledge regarding Plaintiff's report of injury and regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree. He may also have information regarding liability, causation, and/or damages.

N.     Joseph Mikes, BNSF employee (Billings, MT). Mr. Mikes may have

information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

O.     John Plazinski, former BNSF employee (Forsyth, MT).  Mr. Plazinski may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

P.     Don Purdon, BNSF employee (Forsyth, MT).  Mr. Purdon may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

Q.     Miguel Rivera, BNSF employee.  Mr. Rivera may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

R.     Keith Samples, BNSF employee (Alvord, TX). Mr. Samples may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

S.     Tyler Simard, BNSF employee (Forsyth, MT). Mr. Simard may have knowledge regarding the earning capacity, benefits, and railroad job duties and working conditions of Plaintiff's craft and other jobs on the railroad.

T.     T.C. Simmons, BNSF employee.  Mr. Simmons may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe

17

working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

U.      Rick Stauffer, BNSF employee. Mr. Stauffer may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

V.      Robert Tallent, BNSF employee (Forsyth, MT).  Mr. Tallent may have information regarding exposure to unsafe working conditions and job duties and Defendant's negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.  He may also have information regarding liability and/or causation.

W.      Kyle Zard, BNSF employee. Mr. Zard may have information regarding exposure to unsafe working conditions and job duties and Defendant's

negligent failure to provide Plaintiff with reasonably safe working conditions and/or adequate assistance.  He may have knowledge regarding prior reports of safety concerns regarding the subject tree and/or other trees in the immediate vicinity of the subject tree.   He may also have information regarding liability and/or causation.

X.      Anthony Roccisano, DO and David Shenton, MD; Ortho Montana, 2900 12th Ave. N Ste. 140W, Billings, MT 59101 are medical care providers and may have knowledge regarding Plaintiff's medical treatment, expenses, future medical needs/costs, general damages, causation, permanence, and disability.

Y.      Douglas Dalton, PA, and Joy Huber, NP; Holy Rosary Healthcare Clinic, 2600 Wilson St., Miles City, MT 59301, are medical care providers and may have knowledge regarding Plaintiff's medical treatment, expenses, future medical needs/costs, general damages, causation, permanence, and disability.

Plaintiff identifies the foregoing individuals without prejudice to her right disclose additional persons with knowledge if/when they are identified in the future and/or to call such witnesses at trial in this matter.  Plaintiff specifically reverse her right to identify and/or call individuals disclosed by Defendant as part of its initial disclosures and discovery responses, as disclosed in Defendant's Preliminary

Pretrial Statement, and/or as identified in documents produced by either Plaintiff or Defendant during discovery, or otherwise obtained from third parties during the course of discovery.

**11.    The Substance of Any Insurance Agreement that May Cover a Resulting Judgment**

Not applicable.

**12.    The Status of Settlement Discussions/Prospects for Compromise**

Plaintiff attempted to resolve this matter with Defendant prior to filing suit. Those attempts were unsuccessful.  At this time, Plaintiff does not believe this case is likely to resolve prior to trial.

**13.    Suitability of Special Procedures**

None at this time.

**14.    Issues Relating to Disclosure or Discovery of ESI**

At this time, the parties do not anticipate that this matter will involve substantial ESI discovery.  The parties agree to work together with respect to ESI should the need arise.


Dated: December 3, 2019

                                            /s/ Celia K. Douglas_____
                                            Attorney for Plaintiff