Anthony M. Nicastro
Chad M. Knight
Steven T. Williams
KNIGHT NICASTRO MACKAY, LLC
27 Shiloh Road, Suite 10
Billings, MT 59106
Email: nicastro@knightnicastro.com
　　　knight@knightnicastro.com
　　　williams@knightnicastro.com
Telephone: (406) 545-2031
Facsimile: (816) 396-6233
**ATTORNEYS FOR DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| DEIDRE AGAN, | Cause No.: 1:19-cv-00083-SPW-TJC |
| Plaintiff | |
| vs. | **DEFENDANT BNSF RAILWAY CO.'S PRELIMINARY PRETRIAL STATEMENT** |
| BNSF RAILWAY CO., a Delaware corporation, | |
| Defendant | |

Defendant, BNSF RAILWAY CO. ("BNSF"), by and through its attorneys of record, Knight Nicastro McKay, LLC, pursuant to L.R. 16.2(b)(1) and in accordance with the Court's Orders dated October 23, 2019 (DOC. #19), hereby submits its Preliminary Pretrial Statement as follows:

**DEFENDANT BNSF RAILWAY CO.'S PRELIMINARY PRETRIAL STATEMENT**
PAGE 1 of 9

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: 406-545-2031

A.  **FACTUAL OUTLINE OF THE CASE**

On August 22, 2016, the train Plaintiff was working on struck a tree that had fallen across the tracks near mile post 178. Supervisors for BNSF responded to the accident. Plaintiff acknowledged that she was not injured and did not need medical attention. Later Plaintiff submitted a personal injury report. Upon information and belief, Plaintiff had medical treatment following the accident; however, full medical records have not been provided. In August of 2016, Plaintiff was terminated due to a rules violation investigation that predated the accident. Her employment was reinstated February of 2019. Upon information and belief, she is working full time as a conductor for BNSF with no work restrictions.

B.  **BASIS FOR FEDERAL JURISDICTION AND VENUE IN THIS DIVISION**

The Court has jurisdiction over this matter pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* Venue is appropriate under 28 U.S.C. § 1391(b) and L.R. 3.2.

C & D.  **FACTUAL BASIS AND LEGAL THEORY UNDERLYING DEFENSES**

To succeed on a FELA claim, a plaintiff must "prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation." *Adams v. CSX Transp., Inc.*, 899 F.2d 536, 539 (6th Cir. 1990). Plaintiff additionally claims

that BNSF violated 49 C.F.R. § 213.37, which governs the control of vegetation on railroad property. This regulation does not apply to the facts of this case.

As to affirmative defense, the defense of preemption or preclusion applies as Plaintiff makes more specific claims and allegations during the litigation. Plaintiff's complaint contains at least one allegation that is preempted/precluded, which is subsection (e).

Negligence and contributory negligence is a statutory defense that may apply depending on Plaintiff's acts and omissions as it relates to more specific allegations disclosed during litigation.

Non-party or third-party actions are raised to preserve the defense upon review of complete records in the sole possession and control of the Plaintiff. The defense is raised at this point based on allegations raised by Plaintiff in pleadings in another case regarding non-party involvement in the tree.

Plaintiff was not working for BNSF at the time medical treatment occurred and the defense is raised to preserve it upon the review of complete records in the sole possession and control of the Plaintiff.

Plaintiff has preexisting medical conditions and treatment for at least one body part claimed in this lawsuit.

**DEFENDANT BNSF RAILWAY CO.'S**
**PRELIMINARY PRETRIAL STATEMENT**
PAGE 3 of 9

**KNIGHT NICASTRO MACKAY, LLC**
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: 406-545-2031

Plaintiff's claims should be reduced by a failure to mitigate to the extent Plaintiff's past wage claim includes time for which Plaintiff was not employed.

Affirmative defense 9 and 10 are defenses that would apply in the event of a judgment in the matter.

Affirmative defense 11 was raised based on various medical leaves noted on Plaintiff's employee transcript; however, if there are no releases at issue for any of the claimed conditions then the defense would not apply. Defendant will inquire during discovery.

Affirmative defense 12 is a causation defense raised initially due to past medical treatment for the same body part claimed in this lawsuit.

Affirmative defense 13 is a defense regarding environmental events that occur for which would constitute no negligence on the part of BNSF.

E. **COMPUTATION OF DAMAGES**

Plaintiff has listed several categories of claimed damages in her initial disclosures with unspecified total amounts.

F. **PENDENCY OR DISPOSITION OF ANY RELATED LITIGATION**

BNSF engineer Scott Weber filed a lawsuit *Weber v. BNSF*, DV 17-1668 (13th Judicial District, Judge Knisely). The issue presented in the Motion for Summary Judgment in that matter was plaintiff's failure to identify an expert witness in that

**DEFENDANT BNSF RAILWAY CO.'S**  
**PRELIMINARY PRETRIAL STATEMENT**  
PAGE 4 of 9

KNIGHT NICASTRO MACKAY, LLC  
27 SHILOH ROAD, SUITE 10  
BILLINGS, MT 59106  
P: 406-545-2031

case. The Court has yet to rule on Defendant's Motion to Compel in that matter involving the identity and circumstances surrounding plaintiff obtaining ESI from BNSF. The Court did rule on the Motion to Revoke Pro Hac Status; however, that ruling was based on an in-camera review of an affidavit submitted by plaintiff's paralegal. The Court has not permitted Defendant to know what was stated in that affidavit. However, during oral argument the Court questioned the merits of plaintiff invoking privilege to how they obtained the information in the first place.

**G. PROPOSED STIPULATIONS OF FACT AND UNDERSTANDING AS TO WHAT LAW APPLIES**

See the Joint Stipulation of Facts filed by Plaintiff. Federal law applies.

**H. PROPOSED DEADLINES RELATING TO JOINDER OF PARTIES OR AMENDMENT OF PLEADINGS**

Pursuant to the Joint Discovery Plan, the parties propose that joinder of additional parties or amendment of pleadings may be done as a matter of right up to January 31, 2020.

**I. IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION**

BNSF contends that 49 C.F.R. § 213.37, which sets standards for vegetation on railroad property, does not apply to the facts of this case. Likewise, Plaintiff's claim regarding locomotive design is preempted.

**DEFENDANT BNSF RAILWAY CO.'S
PRELIMINARY PRETRIAL STATEMENT
PAGE 5 of 9**

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: 406-545-2031

**J. PERSONS BELIEVED TO HAVE INFORMATION THAT MAY BE USED TO PROVE OR DENY A CLAIM OR DEFENSE**

At this time, BNSF has identifies the following individuals, which are also listed in BNSF's Initial Disclosures:

1. Plaintiff
   c/o Nelson G. Wolff
   St. Louis, MO

2. John Klamm
   BNSF Railway Company

3. Scott Weber
   c/o Nelson G. Wolff
   St. Louis, MO

4. Ryan Mason
   BNSF Railway Company

5. Joseph Mikes
   BNSF Railway Company

6. Keith Samples
   BNSF Railway Company

7. Corey Knudson
   BNSF Railway Company

8. Matthew Hammond
   BNSF Railway Company

9. James Carsner
   BNSF Railway Company

**DEFENDANT BNSF RAILWAY CO.'S PRELIMINARY PRETRIAL STATEMENT**
PAGE 6 of 9

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: 406-545-2031

10. Miguel Rivera
BNSF Railway Company

11. Mark Switzer
BNSF Railway Company

12. Mick Phillips
BNSF Railway Company

13. Charlie Rash
BNSF Railway Company

14. Lynn Ludwig
BNSF Railway Company

15. Fernando Gomez
BNSF Railway Company

16. Robert Boager
BNSF Railway Company

17. Cliff Linster
BNSF Railway Company

18. Mike Riley
BNSF Railway Company

19. Brett Ouellette
BNSF Railway Company

20. Cody Kuntz
Mr. Kuntz owns the land adjacent to the tracks in the area where the incident occurred.

DEFENDANT BNSF RAILWAY CO.'S
PRELIMINARY PRETRIAL STATEMENT
PAGE 7 of 9

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: 406-545-2031

**K.  THE SUBSTANCE OF ANY INSURANCE AGREEMENT THAT MAY COVER ANY RESULTING JUDGMENT**

Not applicable.

**L.  STATUS OF SETTLEMENT DISCUSSIONS AND PROSPECTS FOR COMPROMISE**

The parties have not engaged in settlement discussions. BNSF has asked for releases to obtain full medical records and releases have yet to be provided.

**M.  SUITABILITY OF SPECIAL PROCEDURES**

None at this time.

DATED this 4th day of December, 2019.

                                        KNIGHT NICASTRO MACKAY, LLC

                                        By: /s/ Anthony M. Nicastro
                                               Chad M. Knight
                                               Anthony M. Nicastro
                                               Steven T. Williams
                                               *Attorneys for Defendant*

**DEFENDANT BNSF RAILWAY CO.'S**
**PRELIMINARY PRETRIAL STATEMENT**
PAGE 8 of 9

**KNIGHT NICASTRO MACKAY, LLC**
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: 406-545-2031

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Russell D. Yerger
YERGER LAW FIRM. P.C.
2722 Third Avenue North, Suite 400
Billings, MT 59101
ryerger@integra.net

Nelson G. Wolff
Celia K. Douglas
Schlichter, Bogard & Denton Law Firm
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
nwolff@uselaws.com
kdouglas@uselaws.com

KNIGHT NICASTRO MACKAY, LLC

By: /s/ Anthony M. Nicastro
     Anthony M. Nicastro

**DEFENDANT BNSF RAILWAY CO.'S**
**PRELIMINARY PRETRIAL STATEMENT**
PAGE 9 of 9

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: 406-545-2031