Anthony M. Nicastro
Chad M. Knight
Steven T. Williams
KNIGHT NICASTRO MACKAY, LLC
27 Shiloh Road, Suite 10
Billings, MT 59106
Email: nicastro@knightnicastro.com
       knight@knightnicastro.com
       williams@knightnicastro.com
Telephone: (406) 545-2031
Facsimile: (816) 396-6233
**ATTORNEYS FOR DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| DEIDRE AGAN, | Cause No.: 1:19-cv-00083-SPW-TJC |
| Plaintiff | |
| vs. | **DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |
| BNSF RAILWAY CO., a Delaware corporation, | |
| Defendant | |

## I.   Statement of the Case

Plaintiff has brought this claim against BNSF pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*

On August 22, 2016, the train Plaintiff was working on as a conductor ran over a tree that had fallen across the tracks in eastern Montana. Plaintiff

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER
PAGE - 1

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031

subsequently underwent surgery on her right shoulder. However, in August of 2016, Plaintiff was terminated from her employment at BNSF due to a rules violation investigation that predated the accident. Plaintiff failed to keep up her conductor certifications and she was already on probationary status for a prior rule's violation. Plaintiff appealed her termination and the Public Law Board reinstated Plaintiff's employment February of 2019, but specifically finding that the Plaintiff was not entitled to lost wages during the time that she was terminated.

## II.     Background

Plaintiff provided BNSF with a notice of 30(b)(6) deposition on August 14, 2020 seeking to take the deposition of a BNSF corporate representative on August 24th. On August 18 and August 19, the parties conferred through email regarding BNSF's objections to the 30(b)(6) deposition notice. The parties were unable to resolve the issues.

## III.    Discussion

BNSF's motion for a protective order is made under Fed.R.Civ.P. 26(c)(1), which provides that a court, "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:… (D) forbidding

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PAGE - 2

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031

inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Rule 26(c)(1)(D).

"A plaintiff has a duty to designate with specificity the issues to be addressed so that Defendants can adequately prepare its Rule 30(b)(6) designee." *Cunningham v. Std. Fire Ins. Co.*, 2008 U.S. Dist. LEXIS 117304, *22, 2008 WL 2668301 (D. Col. July 24, 2008). The party seeking the protective order has the burden of showing that good cause exists for such an order. *Gambale v. Deutsche Bank AG*, 377 F.3d. 133, 142 (2d Cir. 2004). The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous. *See, e.g.*, *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 U.S. Dist. LEXIS 120825, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consolidates Litigation*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for a protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous).

Rule 30(b)(6) depositions are designed to discover facts, not contentions or legal theories, which to the extent discoverable at all prior to trial, must be

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PAGE - 3

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031

discovered by other means. *U.S. ex. Rel. Baklid-Kunz v. Halifax Hosp. Medical Center*, 2012 WL 3527070 *4-5 (M.D. Fla, 2012).

### a. Plaintiff's use of the term "earning capacity" lacks reasonable particularity.

The term "earning capacity" as applied to Plaintiff is ambiguous and vague, lacking the reasonable particularity required by Rule 30(b)(6).

Plaintiff is seeking to have a corporate designee to testify about her capacity to earn the same amount as six other conductors at BNSF. This requested testimony is highly speculative, as an individual's earning capacity is entirely unique, fact specific and derived from a countless set of assumptions. Conductors at BNSF have a wide range in earning capacity that is not directly reflective of seniority. Gross pay varies based on jobs taken, availability, lack of medical issues that occur during a particular time period, FMLA leave, disciplinary actions resulting in suspension or termination, working different boards, working in a yard vs thru freight. The list is extensive and when asked to compare 7 individuals, the list of various factors and assumptions is multiplied.

By way of one example, BNSF has produced the earning records of three conductors above and below the Plaintiff on a seniority roster. *See* **Exhibit B**. These records reflect a vast disparity in salary despite what Plaintiff would lead the Court to believe is "similar levels of seniority." In 2019, the gross wages for

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PAGE - 4

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031

these six employees was approximately $151,000; $128,000; $128,000; $75,000; $66,000; and $60,000. *Id.* Notably, the wages for each of these employees can change drastically from year to year. The individual who earned $151,000 in 2019 earned $98,000 in 2018. *Id.* Likewise, the individual that earned $60,000 in 2019, earned $87,000 in 2018. *Id.*

There are numerous factors that account for this variance that would make BNSF's ability to testify regarding Plaintiff's "capacity" compared to these other workers incredibly speculative, including: (1) whether the individuals work the same territory; (2) whether they were also terminated during the time period as Plaintiff; (3) the individual disciplinary records; (4) whether the individuals work extra jobs that Plaintiff did not; (5) the individual's medical records; (6) past or present work restrictions; (7) did the employees have attendance issues or lay off personal with the same frequency as the Plaintiff, etc. The list of impacting factors is extensive, and it would be unduly burdensome to ask a designee to analyze what unique factors applied to all six of the other employees, and to then determine if Plaintiff's capacity would match theirs.

Additionally, this form of testimony would require a corporate designee to examine each of the six employees' disciplinary or medical history to evaluate what impact such may have had on his or her wages. Even though

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PAGE - 5

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031

names are redacted, Plaintiff knows where people are on the seniority roster and this request forces BNSF to evaluate those confidential issues and then disclose them. This violates privacy laws including but not limited to HIPPA.

Plaintiff chose not to retain an economist or a vocational expert. Such witnesses routinely analyzed these factors, make assumptions, apply those assumptions and then offer opinions as to earning capacity. Rule 30(b)(6) is not meant for a party to sidestep this process and require a corporation to designate a witness and render opinions on a topic that is not clearly defined with reasonable particularity

### b. Plaintiff's requested testimony is redundant of previous discovery and represents an undue burden.

As discussed, the variance in wages between individuals with similar seniority, and even between subsequent years for a specific individual, make it next to impossible for BNSF to offer evidence regarding Plaintiff's earning capacity outside of Plaintiff's personal pay records. BNSF's testimony regarding Plaintiff's earning capacity would likely be limited to pointing out Plaintiff's previous wage history, and the fact that she had attendance issues that could impact her earnings. This demonstrates the redundant nature of the proposed 30(b)(6) deposition, however, as BNSF has already produced Plaintiff's pay records for the ten years prior to her 2016 claim:

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PAGE - 6

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031

**REQUEST FOR PRODUCTION NO. 24:** All pay records of Plaintiff kept by Defendant for the ten years prior to the Incident reflecting gross monthly and annual earnings and contributions to any 401(k) plan.

**RESPONSE:** See **Exhibit 95** - Employee Monthly Earnings History, 6/15/2011 - 1/10/2020 [BNSF (AGAN) 4896-4900].

**Exhibit C**. This previous production makes Plaintiff's request for testimony regarding her earning capacity redundant and creates an undue burden on BNSF.

Plaintiff has similarly requested that BNSF produce a corporate representative to testify regarding the wages for the three persons above and below Plaintiff on BNSF's seniority roster. **Exhibit A**. This issue is appropriately resolved through interrogatories, and in fact BNSF has specifically produced this information to Plaintiff. *See* **Exhibits B & C**. Notably, BNSF has not objected to the authenticity or foundation of these records, making the request to have a BNSF representative testify to this same subject redundant, and with no reasonable purpose but to cause an undue burden.[1]

---

[1] As additional evidence regarding the redundant nature of this testimony, in Weber v. BNSF, a companion case from Yellowstone County, BNSF likewise provided this information in discovery. The Weber case settled on the eve of trial in January of 2020. Plaintiff's counsel at no point requested a similar 30(b)(6) deposition regarding the Plaintiff's earning capacity, and made no allegations that the production of coworker earning records in discovery needed an additional 30(b)(6) deposition.

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PAGE - 7

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031

BNSF does not seek a protective order for designating someone who will testify that the earnings records for 6 other employees are what they say they are on the documents BNSF produced. Same for Plaintiff's wage history. However, since BNSF has also indicated that it does not object to these documents, doing a deposition is to lay such foundation is unduly burdensome.

## CONCLUSION

Based on the foregoing, BNSF respectfully requests that the Court issue a protective order barring Plaintiff's proposed 30(b)(6) deposition as it lacks reasonable particularity and creates an undue burden on BNSF.

DATED this 21st day of August 2020.

          KNIGHT NICASTRO MACKAY, LLC


By: /s/ Steve Williams
    Anthony M. Nicastro
    Chad M. Knight
    Steven T. Williams
    *Attorneys for Defendant*

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PAGE - 8

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031

# CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. Local Rule 7.1(d)(2)(E), I certify that Defendant's Brief in Support of Motion for Protective Order complies with the word limits set out in the rule. Excluding the caption, certificate of service and compliance, and based on the count provided by counsel's word processing system, Defendant's Brief in Support of Motion for Protective Order contains 1,412 words.

KNIGHT NICASTRO MACKAY, LLC

By: /s/ Steve Williams
Steven T. Williams
*Attorneys for Defendant*

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PAGE - 9

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Russell D. Yerger
Yerger Law Firm, P.C.
2722 Third Avenue North, Suite 400
Billings, MT 59101
ryerger@integra.net

Nelson G. Wolff
Celia K. Douglas
Schlichter, Bogard & Denton Law Firm
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
nwolff@uselaws.com
kdouglas@uselaws.com

KNIGHT NICASTRO MACKAY, LLC

By:  /s/ Steve Williams
    Steven T. Williams
    *Attorneys for Defendant*

DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PAGE - 10

KNIGHT NICASTRO MACKAY, LLC
27 SHILOH ROAD, SUITE 10
BILLINGS, MT 59106
P: (406) 545-2031