IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DEIDRE AGAN,<br><br>             Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>             Defendant. | CV 19-83-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Before the Court are U.S. Magistrate Judge Cavan's Findings and Recommendations regarding Defendant BNSF's Motions for Summary Judgment, entered on Aug. 27, 2021. (Doc. 85). BNSF moved for summary judgment as to Plaintiff Agan's negligence claims and on the issue of damages. (Doc. 41 and 49). Judge Cavan recommended that summary judgment be granted in part and denied in part as to negligence and denied as to damages. (Doc. 85 at 1). BNSF filed objections on Sept. 10, 2021. (Doc. 86). BNSF asserts that Judge Cavan erred because, in BNSF's view, he incorrectly stated the undisputed facts in the case and failed to properly apply those undisputed facts to the correct legal authority. (Doc. 86 at 1-2). The Court disagrees with Defendant and adopts the Findings and Recommendations in their entirety for the following reasons.

1

I.   **Background**[1]

Plaintiff began working for BNSF in 2011. On August 22, 2016, she was working as a conductor. On that day, she, with engineer Scott Weber, were moving a train from Laurel, Montana, to Forsyth, Montana. Around 9:00 p.m., the train rounded a bend and a large fallen cottonwood tree lay on the upcoming tracks. Weber and Agan had little time to react; the train was traveling at 53 miles per hour. Weber applied the brakes and Agan ducked to avoid the tree branches coming through the windshield. The train crashed into the tree—later calculated to be approximately three feet wide and weighing nearly six tons—and the windshield shattered. The exterior snowplow and handrail bent when they hit the tree. The collision threw Agan into the conductor's desk and then onto the floor.

The incident injured Agan's neck and shoulders. She had shoulder surgery in November 2016 and subsequently developed deep vein thrombosis in her left arm. She has returned to work with BNSF as a conductor but alleges she still experiences pain in her neck and shoulders from the crash.

BNSF knew about the particular cottonwood tree prior to the incident. In March 2016 another BNSF conductor, Don Purdon, called in the tree as a potential safety risk to BNSF's safety hotline. He reported that the tree appeared to be

---

[1] For the sake of clarity, the facts in this section are as Judge Cavan found them. The Defendant's objections to the facts forming the basis of Judge Cavan's recommendations will be discussed later.

2

burned out and dead and that it was leaning over the tracks and seemed likely to fall at any time. BNSF inspected and photographed the tree in April 2016. The photographs show bark missing from the base of the tree, show the tree leaning toward the tracks, and show a neighboring cottonwood laying dead. BNSF division engineer Keith Samples determined upon reviewing the photographs that, while there was no immediate danger of the tree falling, BNSF would remove the tree when an excavator was available.

Samples visited the site in late June or early July of that year with a crew and an excavator. However, Samples then determined that the tree was alive and apparently not in danger of falling. BNSF did not excavate the tree. Agan filed suit against BNSF under the Federal Employers' Liability Act ("FELA") on August 13, 2019, alleging various negligent acts or omissions relating to the collision.

Specific to the pending motions, Agan alleges that BNSF failed to provide reasonably safe working conditions, including: failure to maintain trackside vegetation or reducing the train speeds at the location; failure to control vegetation in violation of 49 C.F.R. § 213.37; failure to design the locomotive's interior with seatbelts and cushioning; and failure to instruct and train crew on minimizing the risk and magnitude of injury when faced with imminent collision.

Upon BNSF moving for summary judgment on the allegations relating to seatbelts, cushioning, and inadequate instruction and training, Agan responded that she would concede those claims. Judge Cavan therefore recommended summary judgment in BNSF's favor as to those claims. (Doc. 85 at 7). Moving to the contested portions of BNSF's motions, Judge Cavan determined that Agan need not present expert testimony to establish the applicable standard of care in this circumstance because no specialized knowledge is required to determine whether a tree presents a hazard beyond what is expected of all prudent landowners. (Doc. 85 at 8). He determined that the non-binding cases BNSF relied on that required expert testimony were clearly distinguishable. (Doc. 85 at 15). He also noted the Ninth Circuit's recognition that FELA cases impose a less demanding standard to raise a jury question than other common law actions. (Doc. 85 at 11).

Judge Cavan also recommended denial of BNSF's motion as to 49 C.F.R. § 213.37, which mandates that vegetation on railroad property on or adjacent to the roadbed must be controlled such that it does not "[i]nterfere with railroad employees performing normal trackside duties." BNSF asserts that trackside duties contemplated by the regulation do not include transporting a locomotive. Judge Cavan, rejecting BNSF's cited caselaw as "not remotely support[ing]" BNSF's position, determined that "trackside duties" necessarily and logically includes work performed on the tracks and therefore includes transporting trains

4

and that the application of the regulation remains a jury question. (Doc. 85 at 16-17).

Judge Cavan next determined that, contrary to BNSF's position, Agan's train speed claims under FELA are not pre-empted by the Federal Railroad Safety Act ("FRSA"), which requires national uniformity of railroad safety laws. Judge Cavan found that FRSA did not pre-empt Agan's claim because, under the United States Supreme Court's test in *POM Wonderful, LLC v. Coca-Cola Co.*, 573 U.S. 102, 111 (2014), the two statutes can be considered complementary and that the pre-emption intended by FRSA extends to state laws, rather than other federal laws. (Doc. 85 at 23).

Finally, BNSF moved for summary judgment as to the issue of future damages because Agan failed to include a calculation of those damages in her initial disclosures and because she failed to support those damages with expert testimony. Judge Cavan recommended denial of the motion, finding that BNSF has not been prejudiced by the non-disclosure—as partly evidenced by BNSF's failure to raise the issue with the Plaintiff before discovery closed and before filing the motion—and additionally determined that Agan sufficiently created a genuine issue of material fact regarding her lost earning capacity, lost future wages, future pain and suffering, and lost household services. (Doc. 85 at 28-33).

5

## II. Standard of Review

The parties are entitled to *de novo* review of those findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews the Magistrate's Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018).

"It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Congress created magistrate judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Id.* There is no benefit to the judiciary "if the district court is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Montana Shooting Sports Ass'n v. Holder*, 2010 U.S. Dist. LEXIS 110891, 2010 WL 4102940, at *2 (internal quotation marks and citation omitted). In short, an

objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Id.*

In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020–21 (9th Cir. 2007).

//

//

## III. Discussion

Defendant BNSF makes six objections. BNSF claims that Judge Cavan made incorrect findings as to the undisputed facts, that Judge Cavan misinterpreted the non-binding caselaw BNSF cited in its underlying briefing, that the magistrate misstated the appropriate evidentiary standard under the FELA, that Judge Cavan erred in interpreting applicable trackside regulations, that Plaintiff's speed claim should be precluded by the FRSA, and finally that Judge Cavan erroneously concluded that Plaintiff's failure to disclose a computation of future damages was non-prejudicial. The Court will address each separately.

*A. Findings as to the Undisputed Facts*

BNSF's arguments as to this objection are assorted. First, BNSF asserts that Judge Cavan omitted undisputed dispositive facts from his recitation because he "failed to accept the testimony of the one and only tree expert tendered in this lawsuit." (Doc. 86 at 6). BNSF asserts that their expert "explained away the common misconceptions regarding trees" apparently raised by Agan's proffering of the photographs of the tree to create a question of fact. (Doc. 86 at 6-7). BNSF argues that inferences regarding whether the photographs show a tree likely to soon fall are unreasonable.

The Court does not see how this could render the matter appropriate for summary judgment, as BNSF contends. Judge Cavan, relying on applicable

caselaw, determined that expert testimony is not required to determine whether a tree constitutes a hazard. Plaintiff presents evidence, in the form of photographs, showing dead branches, base damage, and the tree leaning over. In response, BNSF offers expert testimony as to why this might not be indicative of a distressed tree. This disagreement constitutes a genuine issue of material fact because the factfinder is free to believe the photographs or the expert. BNSF can present its expert "explaining away" misconceptions raised by the photographs to the jury, but, in the Court's view, this is clearly a question of fact unsuitable for determination through summary judgment.

BNSF claims Judge Cavan impermissibly relied on hearsay when finding a dispute of material fact. (Doc. 86 at 7). BNSF continues to assert that statements from Don Purdon warning BNSF about the tree should be excluded as hearsay. BNSF makes no attempt in its objections to either further analyze or discuss whether or how this testimony constitutes hearsay, other than its bare assertion that it is. Furthermore, Judge Cavan plainly stated that he did not rely on the alleged hearsay for the truth of the matter, but rather to demonstrate notice. (Doc. 85 at 9, FN 2). BNSF apparently misunderstands Judge Cavan's ruling, arguing that Judge Cavan should have incorporated all portions of Purdon's statement. Frankly, the Court cannot identify the specific issue that BNSF objects to on this point. In any case, Judge Cavan's analysis of the genuinely disputed material facts in which he

9

omits Purdon's statements is sufficient to cure any issue raised by this objection. (See Doc. 85 at 10).

BNSF claims Judge Cavan relied on conjecture from Purdon to find a dispute of material fact. (Doc. 86 at 10). As previously stated, Judge Cavan expressly did not rely on Purdon's statements. Therefore, an objection that Purdon's statements constitute impermissible conjecture is not well founded because those statements play no part in the analysis of whether there are genuine disputes of material fact.

BNSF further argues that Judge Cavan failed to consider testimony from another BNSF employee who claims the tree looked the same for years leading up to the incident. (Doc. 86 at 12). BNSF claims this fact establishes that it did not have notice of any hazard presented by the tree and that it bolsters its claim for summary judgment. This is illogical. Whether another employee felt the tree did not present a hazard has no bearing on a different employee's report, and it certainly does not somehow create an undisputed issue of material fact. To that point, BNSF does not even bother to explain how the incorporation of this evidence would or should change the analysis.

BNSF's final argument on this point is merely cumulative of its other arguments; BNSF reiterates that it believes Judge Cavan erred in finding that there were disputed material facts. BNSF cites no law in this section. The Court has

already addressed arguments raised in this section and determined that sufficient facts are genuinely disputed for the claim to survive summary judgment. The Court need not reiterate the basis for that determination here.

### B. Interpretation of Cited Caselaw Regarding Expert Testimony

BNSF asserts that Judge Cavan erred in distinguishing three cases BNSF cited in support of its proposition that expert testimony is required for tree-maintenance matters. (Doc. 86 at 16). Specifically, BNSF recites the holdings and facts of three cases (from a Michigan state appellate court, the D.C. District Court, and a Georgia state court), and argues that those cases mandate a different finding. BNSF's objection is incorrectly founded. Simply restating previously cited caselaw and reciting the facts, asserting that a different result is required is not a proper objection. Restating arguments made to the magistrate, without any additional analysis or incorporation of the magistrate's analysis, defeats the purpose of the findings and recommendations. *Montana Shooting Sports Ass'n*, 2010 WL 4102940, at *2. BNSF's bare recitation of its previously argued and rejected points does not constitute a proper objection. Judge Cavan did not commit clear error in holding that expert testimony as to the tree was not required in this instance.

*C. Statement of the Applicable FELA Legal Standard*

BNSF contends that Judge Cavan improperly described the FELA's evidentiary requirements because the lower standard of proof under the FELA applies to the relaxed causation standard, not the other elements of negligence. (Doc. 86 at 19-20). Binding Ninth Circuit caselaw declares that only "minimal proof [is] required to show negligence under the FELA." *Armstrong v. Burlington Northern R. Co.*, 139 F.3d 1277, 1279 (9th Cir. 1998). BNSF cites to cases discussing a plaintiff's requirement to make at least some showing on each element of a negligence claim; the cases Judge Cavan cites to support the proposition that the FELA prefers that a greater proportion of cases survive summary judgment and consequently a lower standard is required for each element. In *Van Gorder v. Grand Trunk Western R.R., Inc.*, relied on by BNSF, the Plaintiff failed to produce any evidence from which a jury could determine Grand Trunk was negligent. 205 F.3d 265, 268 (6th Cir. 2007). BNSF's objection on this point is improperly founded.

*D. Interpretation of Trackside Regulations (49 C.F.R. § 213.37)*

BNSF argues that Judge Cavan erred in declining to grant summary judgment in Defendant's favor regarding Plaintiff's claim that BNSF failed to maintain vegetation on railroad property in violation of applicable regulations. (Doc. 86 at 20). BNSF emphasizes that the application of "trackside" duties to

include traveling on the track is undeveloped and has not apparently been addressed by a court. BNSF further states that the Magistrate's reading of the caselaw and regulation is overbroad. The Court agrees with Judge Cavan's determination that work performed on the tracks may be covered by the regulation and that correspondingly whether BNSF violated the regulation in this instance is a question of fact unsuitable for determination on summary judgment. BNSF is free to raise these arguments before a jury, but it has not carried its burden in establishing that, as a matter of law, it is entitled to judgment on this issue.

### E. Preclusion Under the FRSA

BNSF asserts that Judge Cavan misapplied relevant caselaw in holding that FELA claims for excessive speed are not precluded by the FRSA. (Doc. 86 at 21). In support, BNSF makes no new argument—BNSF simply incorporates its underlying briefing through footnote and nakedly restates the same argument. (Doc. 86 at 22, FN 5). As stated previously in this order, this is unacceptable to constitute a proper objection. The Magistrate considered these arguments and arrived at a different conclusion than BNSF would prefer. BNSF provides no new argument or different reason why the Court should now find a contrary result. The Court will not accept BNSF's bare attempt to have a second bite at the apple. The Court finds no clear error in the Magistrate's findings on this point.

*F. Future Damages*

BNSF asserts that Judge Cavan incorrectly found that Agan's failure to provide a computation of future damages was harmless. (Doc. 86 at 22). BNSF relies on two cases where the Ninth Circuit authorized a district court's sanctions for non-disclosure. However, these cases misapprehend the applicable standards. "The determination of whether a failure to disclose was substantially justified or harmless is entrusted to the broad discretion of the district court." *S.F. Bay Area Rapid Transit Dist. v. Spencer*, 2007 WL 421336 at *4 (N.D. Cal. 2007).

In *Hoffman v. Const. Protective Servs.*, relied on by BNSF, the Ninth Circuit affirmed as reasonable the lower court's finding that non-disclosure harmed the defendants because the court would have had to modify the briefing and discovery schedules. 541 f.3d 1175, 1180 (9th Cir. 2008). The second case, *Silver State Broad., LLC v. Bergner*, merely reaffirms the discretion given to trial courts in managing discovery and sanctions. 705 Fed. Appx. 640, 640-41 (9th Cir. 2017) (holding that sanction decisions are subject to clear error review). Neither case mandates a finding that harm occurred here. Instead, these cases endorse the idea that the trial court is in the best position to determine, as Judge Cavan did here, which sanctions are appropriate. Judge Cavan supported his finding that BNSF was not harmed by the non-disclosure by noting that BNSF was on notice as to future damages from the outset, that BNSF had not (and upon objection still has

not) shown any harm resulting from the non-disclosure, and finally noted that the omission could be quickly cured. The Court agrees.

## IV. Conclusion

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 85) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that:

1. BNSF's Motion for Summary Judgment as to Negligence (Doc. 41) is GRANTED as to Agan's claims relating to failure to provide proper protective equipment in the locomotive and failure to adequately instruct and train, and DENIED in all other respects; and

2. BNSF's Motion for Partial Summary Judgment as to Damages (Doc. 49) is DENIED.

DATED this 28th day of September 2021.

SUSAN P. WATTERS
United States District Judge